RCO HAWAII, LLLC
DEREK WONG #4155
900 FORT STREET MALL, SUITE 800
HONOLULU, HI 96813
PHONE: (808) 532-0090
FAX: (808) 524-0092
dwong@rcolegal.com

Attorneys for Creditor
Beneficial Financial Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br><br>BARBARA P. HANOG AND<br>JOHN J. HANOG<br><br><br>DEBTORS. | CASE NO.: 11-03065<br>CHAPTER 7<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE BENEFICIAL FINANCIAL INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing Date: January 18, 2012<br>Hearing Time: 1:30 p.m.<br>Honorable Judge Lloyd King<br><br>[Related Docket No. 9] |

Beneficial Financial Inc. ("Creditor") filed its Motion for Relief from Automatic Stay on December 23, 2011 (the "Motion"). The Motion came on for hearing on January 18, 2012, at 1:30 p.m. before the Honorable Lloyd King. Derek Wong appeared for Creditor and Paul Sulla appeared for Debtor. No other party appeared at the hearing on the Motion.

Based on the evidence presented and finding good cause therefor, the Court determines that the provisions of 11 U.S.C. §362 have been met and that relief from the automatic stay is appropriate. Based upon the evidence, the Court hereby

Page - 1

issues the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On April 1, 2011 a Mortgagee's Affidavit of Foreclosure Under Power of Sale ("Affidavit") was recorded under the State of Hawaii Bureau of Conveyances, Doc. No. 2011-053817 relating to the foreclosure of property located at 28-2880 Kumula Street, Pepeekeo, HI 96783 ("Subject Property").

2. On May 5, 2011 a Mortgagee's Quitclaim Deed Pursuant to Power of Sale ("Deed") was recorded under the State of Hawaii Bureau of Conveyances, Doc. No. 2011-073426 relating to the Subject Property.

3. On July 19, 2011, Debtor filed a Complaint for Declaratory Relief and Monetary Damages in the United States District Court, District of Hawaii as Civil No. 1:11-cv-00447-RLP relating to the Creditor and the Subject Property.

4. On July 28, 2011, an Order Granting Debtor's Motion to Dismiss Complaint for Ejectment and to Vacate Writ of Possession issued on June 15, 2011 was filed in the District Court of the Third Circuit, North and South Hilo Division, State of Hawaii ("Order") relating to an ejectment action concerning the Subject Property.

5. On November 25, 2011, Debtors filed for protection under Chapter 7 of Title 11 of the United States Code. Debtors' schedules did not list the Subject Property or any Creditors of the Subject Property. Creditor and the Subject Property was listed in the Statement of Financial Affairs under question no. 4 (suits and administrative proceedings) and no. 5 (Repossessions, foreclosures and returns)

## CONCLUSIONS OF LAW

1.  This Court has jurisdiction over the parties and the subject matter.

2.  11 U.S.C. § 362(d) provides, in pertinent part:

    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --

    (1) for cause including the lack of adequate protection of an interest in property of such party in interest; or

    (2) with respect to a stay of an act against property under subsection (a) of this section, if --

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization.

3.  Pursuant to 11 U.S.C. § 362(d)(1), a party in interest is entitled to relief from the automatic stay for "cause," including the lack of adequate protection. See, e.g., In re Development, Inc., 36 B.R. 998, 1003 (Bankr. D. Haw. 1984).

4.  "Cause" for lifting the automatic stay pursuant to 11 U.S.C. § 362(d)(1), however, is not limited to the lack of adequate protection. In In re Anderson, 36 B.R. 120, 123 (Bankr. D. Haw. 1983), this Court concluded:

    Under Section 362(d), Bank need not allege lack of equity, no possibility of an effective reorganization or lack of adequate protection in order to gain relief from the stay. The Court can grant relief from the stay "for

cause" including but not limited to the above claims. Any "cause" convincing the Court that the stay should be modified is adequate.

36 B.R. at 123 (emphasis added).

5. Section 362(a) allows a creditor to seek relief from the automatic stay "for cause," including the lack of adequate protection. In this instance, good cause exists to grant Beneficial Financial Inc.'s relief from the automatic stay.

6. The Debtor has the burden of proof on all issues on this Motion for Relief From Automatic Stay, which is brought pursuant to 11 U.S.C. § 362(d), except for the issue of "the debtor's equity in the property." See 11 U.S.C. § 362(g); In re Development, Inc., 36 B.R. 998, 1004.

7. The Subject Property is also not necessary for an effective reorganization as this is a Chapter 7.

8. The recording of the Mortgagees Affidavit divests any interest of the debtor or estate. A Creditor holding a duly recorded deed is the presumptive current record owner of property that has colorable claim to enforce rights against the property, and standing to move for relief from automatic stay, to evict or eject debtor(s) from the property. Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100 (B.A.P. 9th Cir. 2011).

Dated: JAN 30 2012

Lloyd King
United States Bankruptcy Court

APPROVED AS TO FORM:

_____
PAUL J. SULLA, JR.
Attorney for Debtors